# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MOREAU, | 1:12-CV-01862-LJO-JLT |
| Plaintiff, | **ORDER ON MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |
| v. | (Doc. 18) |
| THE DAILY INDEPENDENT, | |
| Defendant. | |

## PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to consider consent to a Magistrate Judge to conduct all further proceedings in that the Magistrate Judges' availability is far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill who must prioritize criminal and older civil cases.

## INTRODUCTION

Plaintiff Kevin Moreau ("Moreau") filed this action against Defendant The Daily Independent ("TDI") for libel and "intentional tort" relating to an article TDI published on the motorcycle accident that resulted in the death of Moreau's son Staff Sergeant Kirk Collado ("Collado"). On January 8,

1

2013, the Court granted TDI's motion to strike Moreau's complaint pursuant to California's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") statute, Cal. Code Civ. Proc. § 425.16. Before the Court is TDI's motion for award of attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 425.16(c). Moreau did not file an opposition. This Court considered TDI's motion for attorneys' fees and costs on the record and VACATES the March 13, 2013 hearing, pursuant to Local Rules 230(c) and 230(g). For the reasons discussed below, this Court GRANTS WITH REDUCTION TDI's motion for award of attorneys' fees and costs.

## BACKGROUND

On September 20, 2012, Moreau filed suit against TDI in the Kern County Superior Court for libel and "intentional tort" in relation to an article published by TDI regarding a motorcycle collision that resulted in the death of Collado. Moreau based his claims on the publication of a statement in the article by Sergeant Jed McLaughlin that "Alcohol and drugs may have played a role in the collision." Moreau sought $26 million in damages.

TDI timely removed the action to this Court on November 13, 2012 and filed a motion to strike pursuant to the anti-SLAPP statute on December 11, 2012. Moreau did not file an opposition. TDI nonetheless filed a reply on December 31, 2012. This Court granted TDI's motion to strike on January 8, 2013.

TDI filed the instant motion for award of attorneys' fees and costs pursuant to the anti-SLAPP statute on Feb. 4, 2013. Moreau again did not file an opposition.

## DISCUSSION

### Motion for Attorneys' Fees and Costs

A.  **Legal Standard**

The anti-SLAPP statute provides that, "[i]n any action subject to [the special motion to strike], a prevailing defendant ... shall be entitled to recover his or her attorney's fees and costs." Cal.Code Civ. Pro. § 425.16(c).[1] Therefore, any SLAPP defendant who brings a successful motion to

---

[1] TDI implies that it is voluntarily choosing not to seek further recovery of $7,700.00 in legal fees that it claims was accrued in removing the case to federal court and in drafting an answer to Moreau's complaint. However, California law clearly holds that a prevailing anti-SLAPP defendant "may recover fees and costs only for the motion to strike, not the entire litigation." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008) (citing *S.B. Beach Properties v.*

2

strike is entitled to mandatory attorney fees. "The fee-shifting provision was apparently intended to discourage such strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) (quoting Cal.Code Civ. Pro. § 425.16(a)). "The fee-shifting provision also encourages private representation in SLAPP cases, including situations when a SLAPP defendant is unable to afford fees or the lack of potential monetary damages precludes a standard contingency fee arrangement." *Id*.

The California Supreme Court has interpreted the terms of the anti-SLAPP statute to permit the use of the lodestar adjustment method it outlined in *Serrano v. Priest*, 20 Cal.3d 25, 141 (1977). *Id*. "Under *Serrano III*, a court assessing attorney fees begins with a touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case.'" *Id*. at 1131-32 (citing *Serrano*, 20 Cal.3d at 141). In referring to "reasonable" compensation, the Supreme Court instructed that, "trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Id*. at 1132. Lodestar may be adjusted by the Court based on factors including "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award." *Id*. The Supreme Court has also noted that the "experienced trial judge is the best judge of the value of professional services rendered in his court[.]" *Id*.

**B.    Application**

As this Court held, Moreau's complaint was subject to a motion to strike under anti-SLAPP. The issue was not close, and the questions presented were not novel. Moreau's claims clearly had no merit. Further, Moreau did not file an opposition to the motion to strike, while TDI nonetheless filed a reply, and Moreau again did not oppose the instant motion for fees and costs.

TDI's counsel, Greenberg Traurig, claims to have performed 164.6 hours of work

---

*Berti*, 39 Cal.4th 374, 381 (2006), *Lafayette Morehouse, Inc. v. Chronicle Publishing Co*., 39 Cal.App.4th 1379, 1383 (1995)).

3

specifically in furtherance of the motion to strike and the instant motion for fees.  The bulk of that time, 97.2 hours, was purportedly billed by lead counsel Michael J. Grygiel, a shareholder at Greenberg Taurig, with over 23 years of experience, "including extensive experience defending the press in First Amendment litigation such as the instant case."  Therefore, the lack of merit in Moreau's pro se complaint would have been evident to Grygiel, who is the immediate past Chair of the New York Bar Association's Committee on Media Law, who has been a professor of First Amendment law, and who has been listed in "Best Lawyers in America" and designated as a "New York Super Lawyer" in media and First Amendment law.

Taking into consideration the nature of this action and the Court's own experience in handling complex civil cases, the requested number of hours is greater than the number of hours reasonably competent counsel would have needed to evaluate, research, and file the appropriate documents toward dismissal.  *See*, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (describing the court's duty to eliminate hours that are "not reasonably expended" and counsel's duty to exclude hours that are "excessive, redundant, or otherwise unnecessary"), *Ketchum*, 24 Cal. 4th at 1132 ("[I]nefficient or duplicative efforts is not subject to compensation.").  Rather, the Court finds that combatting such unfounded claims filed by a pro se non-attorney plaintiff should take no more than 40 hours, or one billable work week, for the Greenberg Traurig attorneys with the professed experience and expertise.  *See*, *Maughan v. Google Tech., Inc*., 143 Cal. App. 4th 1242, 1249 (2006) (affirming trial court's determination that a reasonable time spent on the anti-SLAPP motion and the motion for fees and costs is approximately 50 hours.).

TDI requests that the Court approve Greenberg Traurig's hourly rates as reasonable in light of having approved of $350 for partners with more than 20 years of experience, $150 for associates and $75 for paralegals as reasonable for litigation performed in this district.  However, Greenberg Traurig billed an associate with five years of experience, Adrienne J. Lawrence, at the same $350 rate as partners with more than 20 years of experience.  Further, Greenberg Traurig billed a new associate with one year of experience, Eric A. Scalzo, at the rate of $195, which is more than a rate found to be reasonable for associates with varying levels of experience in this district.

The Court approves the rate of $350 for partners with more than 20 years of experience.

However, because no reasons have been provided as to why an associate with five years of experience also should be billed at that rate or why an associate with one year of experience should be billed at a rate higher than a reasonable rate for associates generally, the Court declines to depart from the established reasonable rate of $150 for associates.

Averaging two shareholders billing at a rate of $350 and two associates billing at a rate of $150 for a total of 40 hours, the Court finds the reasonable attorneys' fees here to be $10,000.00. *See*, *Maughan*, 143 Cal. App. 4th at 1249 (determining award of attorneys' fees and costs by averaging the billing rate of the two attorneys who worked on the motion multiplied by 50 hours, the reasonable time spent on the anti-SLAPP motion and motion for fees and costs.).

The Court further notes that this case does not present the circumstances for which the anti-SLAPP fee-shifting arrangement is, at least in part, intended, where "a SLAPP defendant is unable to afford fees or the lack of potential monetary damages precludes a standard contingency fee arrangement." *Ketchum*, 24 Cal. 4th at 1131.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court:

1. GRANTS WITH REDUCTION Defendant The Daily Independent's motion for award of attorneys' fees and costs; and

2. AWARDS Defendant The Daily Independent a total of $10,000.00.

IT IS SO ORDERED.

Dated:   **March 1, 2013**                         /s/ Lawrence J. O'Neill
                                                                 UNITED STATES DISTRICT JUDGE